

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-4952
Re: Do the quoted provisions of the
by-laws of a Texas fraternal
society comply with the require-
ments of Article 4837, Chapter
6, Title 78, Revised Civil Stat-
utes of Texas as to distribution
of funds?

Your request for an opinion on the above matter has
been received and carefully considered. We quote from your
request as follows:

"In the Texas fraternal laws, Article 4837,
Chapter 6, Title 78, Revised Civil Statutes, pro-
vides that 'Every provision of the laws of the
society for payment by members of such society,
in whatever form made, shall distinctly state the
purpose of the same and the proportion thereof
which may be used for expenses. No part of the
money collected for mortuary or disability pur-
poses or the net accretions of either or any of
said funds shall be used for expenses.'

"One of our licensed fraternals, operating
under Chapter 6, Title 78, Revised Civil Statutes,
provides in its Constitution and By-laws the fol-
lowing concerning its funds:

"'Article XXIV. Section 1. The funds of
the "Fraternal Society" shall be as follows.
Benefit Fund Class A, Mortuary and Reserve
Fund B, Mortuary and Reserve Fund C, Mor-
tuary and Reserve Fund D, Mortuary and Re-
serve Fund Juvenile, Expense Fund.

"Composition of Funds

"'Section 2. Benefit Fund Class A shall
consist of the balance of said fund as
of December 31, 1927, and to said fund
shall be credited all payments made by
the insured of this Class. From this
fund shall be paid all benefits accuring
from time to time among the insured of
this Class.

"'Section 3. Be it further provided
that the Board of Directors shall cause
a valuation of the outstanding policies
to be made as of December 31st of each
year and in the event of a deficiency
being shown the amount of such deficiency
shall be proportionately charged against
the policies of this Class as an indebt-
edness and be deducted in any settlement
thereunder unless otherwise provided for
by the Board of Directors. The valuation
herein provided for shall be upon a basis
not lower than the National Fraternal Con-
gress Table 4 per cent.' (On November 19,
1940 an Amendment passed which changed the
method and basis of valuation.)

"'Section 4. Mortuary and Reserve Fund B
shall consist of the balance of the funds
of all classes designated as follows: V,
C, D, E, H, AA, R, T, and L, as of Decem-
ber 31, 1927, and to said fund shall be
credited the income as herein provided and
said fund shall be charged with all bene-
fit payments made on account of the poli-
cies outstanding in these Classes.

"'Section 5. Mortuary and Reserve Fund C
shall consist of the balance of the funds
of all classes designated as follows: M,
X, and S, as of December 31, 1927, and to
said fund shall be credited the income as
herein provided and said funds shall be
charged with all benefit payments made on
account of the policies outstanding in
these classes.

"'Section 6. Mortuary and Reserve Fund D shall consist of the balance of the funds of all classes designated as follows: F, K and J, as of December 31, 1927, and all other classes of policies authorized by the Board of Directors unless otherwise herein provided and to said fund shall be credited the income as herein provided, and said fund shall be charged with all benefit payments made on account of the policies outstanding in these classes.

"'Section 7. Mortuary and Reserve Fund Juvenile shall consist of all Classes of Juvenile policies now in force or which may later be authorized by the Board of Directors. To this fund shall be credited the income as herein provided, and said funds shall be charged with all benefit payments made on account of the policies outstanding in all Juvenile Classes.

"'Section 8. The Expense Fund shall consist of the balance thereof as of December 31, 1927, and of all receipts for fees, sales of supplies, etc., and such other sums as may be available from Income as herein provided. From this fund all expenses of the "Fraternal Society" shall be paid.

"'Section 8a. The minimum reserve requirements on all inactive classes shall be the reserve calculated according to the one-year preliminary term method of valuation and upon the mortality table and interest assumption used in computing the rates and/or policy values (if any); and all active classes issued after December 31, 1934, shall be valued according to the American Experience Table of Mortality with interest at 4% per annum and provided further, that any paid-up inactive classes of Reserve Fund B, Section 4 above, may be valued as paid-up Life Expectancy according to said Mortality Table and interest assumption.

"Disposition of Income

"'Section 9. From the Income of the
"Fraternal Society", other than receipts
for Class A, there shall be credited to
the Mortuary and Reserve Fund B and to
Mortuary and Reserve Fund D, and to the
Mortuary and Reserve Fund Juvenile, such
sum as may be sufficient to meet all
claims arising thereunder and such fur-
ther sums as may be necessary to meet
the reserve requirements of the policies
outstanding when valued on a basis not
lower than that of the American Experi-
ence Table of Mortality with an inter-
est assumption of 4 per cent, using a
one year preliminary term method. Pro-
vided that Mortuary Fund D shall be val-
ued on the National Fraternal Congress
Table.

"'The balance of income to be credited
to the Expense Fund, or a Surplus Fund
as may be determined by the Board of
Directors from time to time.

"'The Board of Directors shall have full
and original authority in the matter of
rates of premium to be collected and the
allotment thereof to the various funds of
the "Fraternal Society".'

"The above sections are the sole provisions
regarding the authorization and composition of the
funds and the disposition of the income of the par-
ticular society.

"We request your opinion as to whether or not
the above quoted provisions comply with the require-
ments of Article 4837, Chapter 8, Title 78, Revised
Civil Statutes of Texas, 1925."

It is the opinion of this department that the quoted
provisions of the by-laws of a Texas Fraternal Society do not
comply with requirements of Article 4837, Chapter 8, Title 78,
Revised Civil Statutes of Texas, 1925.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  Jas. W. Bassett
Jas. W. Bassett
Assistant

JWB:np

APPROVED NOV 12, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS